UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHELDON PITTMON | 26 CR 375<br><br>Hon. Georgia N. Alexakis |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Federal Rule of Criminal Procedure 16(d), it is hereby ORDERED:

1. **The Sensitive Materials:** Certain materials, marked as "SENSITIVE," provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the sensitive materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. The sensitive materials are defined as materials that contain a non-party's personal identifying information. These materials shall be plainly marked as sensitive by the government prior to disclosure.

2. **Limits on Disclosure:** Defendant and defendant's counsel shall not disclose the sensitive materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, or other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

Defendant's counsel shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant's counsel. Such copies and reproductions shall be treated in the same manner as the original sensitive materials. Potential witnesses and their counsel may be shown copies of the sensitive materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

3. **Limits on Filing Sensitive Materials:** Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

4. **Copies to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original sensitive materials.

5. **Notes to Be Treated as Originals:** Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original sensitive materials.

6. **Defense Counsel's Responsibility to Advise Persons of this Order:** Before the sensitive materials or their contents are provided directly or indirectly to defendant and/or an authorized person, defense counsel must advise the defendant and/or authorized person of this Order and provide that person with a copy of this Order. Defendant is not authorized to disclose the Sensitive Materials or their contents to any authorized person without the knowledge of defense counsel or by applying to this Court for an order authorizing him/her to make such disclosures.

7. **Records Regarding Individuals to Whom the Sensitive Materials – or the Contents of the Sensitive Materials – Are Disclosed:** Defense counsel shall maintain a record of (1) any authorized person (as defined in Paragraph 2); and (2) any persons to whom the Court authorizes disclosure, to whom the sensitive materials – or their contents – were disclosed. Defense counsel shall maintain a record demonstrating that these individuals have been advised of the terms of this protective order and provided a copy. Defense counsel will not disclose such records to the government, unless the Court so orders, but will disclose such records to the Court upon request.

8. **Disposal of the Sensitive Materials:** Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the

restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. **Mistaken Production:** To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10. **Exceptions:** The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses the sensitive materials as described in Paragraph 1, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

GEORGIA N. ALEXAKIS
United States District Judge
Northern District of Illinois

Date: 9/21/2026